UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------X

E.A. SWEEN COMPANY, INC. d/b/a DELI
EXPRESS,

        Plaintiff,

  -against-

BIG CITY DELI EXPRESS CORP.,

        Defendant.

--------------------------------X

**ORDER ADOPTING REPORT**
**& RECOMMENDATION**
14-CV-6031 (KAM)(JO)

**MATSUMOTO, United States District Judge:**

      On October 14, 2014, plaintiff E.A. Sween Company, Inc. ("plaintiff") filed its initial complaint in the instant action against Big City Deli Express Corp. ("defendant"), alleging trademark infringement and dilution, unfair competition, and injury to business reputation under federal and state law. (ECF No. 1.) On December 18, 2015, after the magistrate judge noted defects in service of the original complaint among other deficiencies (ECF No. 25), plaintiff filed an Amended Complaint containing substantially similar allegations. (ECF No. 28, Amended Complaint ("Am. Compl.").) On March 17, 2016, after obtaining an entry of default on the Amended Complaint (ECF No. 32), plaintiff filed a motion for default judgment. (ECF No. 33.) On June 21, 2016, the court referred the plaintiff's default motion to Magistrate Judge James Orenstein. (Docket Entry June 21, 2016.) On September 12, 2016, Judge Orenstein, in a well-reasoned and

thorough Report and Recommendation, recommended denying plaintiff's motion for default judgment and dismissing plaintiff's complaint with prejudice. (ECF No. 39, Report and Recommendation.) On September 29, 2016, plaintiff filed objections to the Report and Recommendation. (ECF No. 41 ("Pl. Mem.").) For the reasons stated herein, the court adopts Judge Orenstein's Report and Recommendation in full and respectfully overrules plaintiff's objections.

## BACKGROUND

The court assumes familiarity with the facts in this action, which were set out in Judge Orenstein's Report and Recommendation. *See United States v. Bruno*, 159 F. Supp. 3d 311, 313 (E.D.N.Y. 2016) (assuming "familiarity with the underlying facts of this case, which are detailed in . . . [the] Report and Recommendation"); *Zielinski v. Linaweaver*, No. 14-CV-3798, 2015 WL 9302832, at *2 (S.D.N.Y. Dec. 21, 2015) (same).

In brief, plaintiff alleges that defendant is infringing plaintiff's "Deli Express" mark by (1) operating a corporation with the legal name "Big City Deli Express Corp." (ECF No. 33-2, Declaration of Timothy Sitzmann ("Sitzmann Decl."), ¶ 8; *id.*, Ex. 1; *see also* ECF No. 33-3, Declaration of Frank Misiti ("Misiti Decl."), Ex. D) and (2) employing exterior signage holding itself

out to the public as "Big City Deli Express and Pizza," though plaintiff admits that defendant removed the word "Express" from the sign before the entry of default on the Amended Complaint. (Am. Compl. ¶ 33; Misiti Decl., Ex. H; Pl. Mem. at 16-17.)

## LEGAL STANDARD

A district court reviews the portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *Wolff v. Town of Mount Pleasant*, No. 06-CV-3864, 2009 WL 1468620, at *1 (S.D.N.Y. May 26, 2009). "The clearly-erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff brings five claims in this action. Plaintiff alleges that defendant is liable for:

(1) Trademark infringement in violation of the Lanham Act, § 32, 15 U.S.C. § 1114;

(2)  Federal unfair competition in violation of the Lanham Act, § 43(a), 15 U.S.C. § 1125(a);

(3)  Dilution in violation of the Lanham Act, § 43(c), 15 U.S.C. § 1125(c);

(4)  Injury to business reputation and dilution in violation of N.Y. Gen. Bus. Law § 350-l; and

(5)  Unfair competition and trademark infringement under N.Y. Gen. Bus. Law § 360-k and New York common law.

Before addressing plaintiff's objections, the court addresses the magistrate judge's determinations to which plaintiff did not object. Plaintiff has not objected to Judge Orenstein's recommendation regarding dismissal of the federal and state dilution claims (claims (3) and (4) in the above list). Finding no clear error in Judge Orenstein's thorough analysis regarding the dilution claims (Report and Recommendation, at p. 8-11), the court adopts the Report and Recommendation with respect to the dismissal of the federal and state law dilution claims.

Plaintiff does, however, object to the recommended dismissal of the federal and state trademark infringement and unfair competition claims (claims (1), (2), and (5) above). Plaintiff effectively argues that the magistrate judge erred in three ways. Plaintiff argues that:

(1) The magistrate judge failed to accept the Amended Complaint's factual allegations as true, as required for purposes of determining liability where a defendant defaults;

(2) The magistrate judge misapplied the law and facts to conclude that there was no likelihood of confusion between its marks and defendant's signage.

(3) The magistrate judge failed to recognize that plaintiff has suffered and will continue to suffer irreparable harm absent equitable relief.

The court addresses plaintiff's arguments in turn.

## I. *Factual Allegations*

Plaintiff first contends that the magistrate judge failed to appropriately deem the well-pleaded facts in its complaint admitted. (Pl. Mem. at 8-11.) The court disagrees.

First, the magistrate judge explicitly stated that "[a]lthough a court accepts as true all well-pleaded allegations against a defaulting defendant for purposes of determining liability, a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." (Report and Recommendation, at p. 3.) The magistrate judge correctly applied Second Circuit precedent. *See Taizhou Zhongneng*

*Imp. & Exp. Co.*, *Ltd v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013) (vacating default judgment where plaintiff's complaint provided "[c]onclusory allegations" and "legal conclusions").

Second, a number of the allegations plaintiff recites in its objections (as amalgamations of allegations in the complaint) plainly constitute legal conclusions. The following allegations, which plaintiff erroneously claims must be deemed admitted, are representative of conclusory allegations that the court need and should not deem to be established:

- "Defendant's use of the mark DELI EXPRESS as part of its 'Big City Deli Express' name and mark constitutes an infringement of Plaintiff's DELI EXPRESS marks . . . ."

- "Defendant's use of Plaintiff's DELI EXPRESS mark as part of its 'Big City Deli Express' name and mark is likely to cause confusion . . . ."

- "Defendant's actions have been undertaken with the willful intent to trade on Plaintiff's famous mark."

(Pl. Mem. at 11 (citing Am. Compl. ¶¶ 9–112).) Because allegations like the three mentioned above are legal conclusions, the magistrate judge appropriately disregarded them.

Finally, the magistrate judge correctly recognized that allegations, such as plaintiff's claim that its mark is "famous

6

and widely recognized by the general consuming public of the United States," are conclusory. (Report and Recommendation, at p. 9 n.6.)

Another significant conclusory allegation is plaintiff's claim that, "[u]pon information and belief, Defendant used BIG CITY DELI EXPRESS on the interior of its store." (Am. Compl. ¶¶ 26-32.) Plaintiff offers no affidavit or declaration regarding the interior of defendant's store, as other plaintiffs do in seeking default judgments in similar circumstances. *E.g., Garden City Boxing Club, Inc. v. Espinal*, No. 05-CV-3762, 2008 WL 2078151, at *2 (E.D.N.Y. May 15, 2008) ("As set forth in his affidavit, investigator Cosmo Lubrano observed the unauthorized public showing of the boxing match at Destiny to 50 customers."). Conclusory allegations based "on information and belief are [generally] insufficient to support a finding of default-based liability." *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-0946, 2015 WL 1299259, at *6 n.2 (E.D.N.Y. Mar. 23, 2015); *Sciascia v. Prime Protective Servs.*, Inc., No. 13-CV-0800, 2014 WL 940721, at *5 (E.D.N.Y. Mar. 11, 2014) (same). There is an exception for when the allegations on information and belief are "primarily within [the] defendant's knowledge." *See Joe Hand Promotions, Inc. v. Blais*, No. 11–CV-1214, 2013 WL 5447391, at *3 (E.D.N.Y. Sept. 20, 2013). The entire purpose of commercial signage

is that it be visible to the public. Allegations regarding signage therefore cannot meet the aforementioned exception because whether signage does or does not contain a particular mark is not primarily within a defendant's knowledge. *See id.* Accordingly, the court need not accept as true plaintiff's conclusory allegation regarding interior signage.[1]

## II. *Likelihood of Confusion*

The court turns next to plaintiff's argument that the magistrate judge misapplied the law and facts to conclude that there was no likelihood of confusion. Plaintiff's first two Lanham Act claims — for trademark infringement and unfair competition, *see* 15 U.S.C. §§ 1114, 1125(a) — require that plaintiff establish "that he owns a valid protectable trademark; that the defendant used the trademark in commerce and without consent; *and that there was a likelihood of consumer confusion.*" *Mun. Credit Union v. Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290, 295 (E.D.N.Y. 2015) (emphasis added); *see also Louis Vuitton Malletier v. Dooney &*

---

[1] (*See also* ECF No. 37, Transcript of Proceedings Before Magistrate Judge Orenstein, Nov. 18, 2015, at 5:25-6:7 (The Court: "What is it that they are doing to infringe your client's marks . . . other than operating the store with that name above the awning?" Plaintiff's Counsel: "That's my understanding that's what they're doing. They're operating the store with the Deli Express name.").) Notably, although plaintiff repeats the allegation regarding interior signage in its objection during a recitation of the allegations in the complaint (Pl. Mem. at 7), plaintiff does not repeat the allegation in the list of facts plaintiff alleges "must be deemed admitted by the Defendant and . . . taken as true." (*Id.* at 10-11.)

*Bourke, Inc.*, 454 F.3d 108, 115 (2d Cir. 2006). Further, "[a]s with the Lanham Act, a plaintiff suing for trademark infringement under state law must prove that defendant's use of the mark is likely to cause confusion, mistake or to deceive." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 367 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010); *see also W.W.W. Pharm. Co. v. Gillette Co.*, 984 F.2d 567, 576 (2d Cir. 1993) ("The state law cause of action for unfair competition shares many common elements with the Lanham Act claims of false designation of origin and trademark infringement, including proof of actual confusion to recover damages, and proof of a likelihood of confusion for equitable relief." (citations omitted)). Whether there is a likelihood of confusion is dispositive of plaintiff's remaining Lanham Act and state law claims, and plaintiff's contention that there is a likelihood of confusion constitutes its central objection to the magistrate judge's Report and Recommendation.

A.    *Standard of Review*

Against its own interest, plaintiff represents that the magistrate judge's factual findings regarding likelihood of confusion are to be reviewed under the clearly erroneous standard and that the magistrate judge's ultimate determination regarding likelihood of confusion is reviewed *de novo*. (*See* Pl. Mem. at 8.)

Plaintiff cites *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 75–76 (2d Cir. 1988), which recognized that "[i]n reviewing the magistrate's determinations as to the *Polaroid* factors, each specific finding is subject to a clearly erroneous standard, but the ultimate determination of the likelihood of confusion is a legal issue subject to *de novo* appellate review."

*Hasbro* is inapposite. In *Hasbro*, the parties stipulated to the magistrate judge's jurisdiction, so the magistrate judge's dispositive factual findings were reviewed directly by the Second Circuit (without an intervening review by the district court). *See id.* at 72–73. Here, by contrast, any factual determinations to which plaintiff has lodged an objection must be reviewed directly by this court pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) under the *de novo* standard. *See Petrie v. Astrue*, No. 08-CV-1289, 2010 WL 1063836, at *1 (N.D.N.Y. Mar. 19, 2010) ("*De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." (internal quotation marks and citation omitted)), *aff'd*, 412 F. App'x 401 (2d Cir. 2011); 12 Charles Alan Wright & Arthur R. Millerk, *Federal Practice and Procedure* § 3070.2 (2d ed. 2016)

10

("'*De novo* review' means the district court must consider the matter referred to a magistrate judge anew, as if it had not been heard before and as if no decision previously had been rendered."). Accordingly, the court reviews the magistrate judge's factual and legal determinations regarding likelihood of confusion *de novo*.

   B.   *Likelihood of Confusion Factors*

Having evaluated *de novo* the merits of plaintiff's arguments regarding likelihood of confusion, the court concludes that plaintiff has not shown on this record that there is a likelihood of consumer confusion between the plaintiff's and defendant's marks. Courts in the Second Circuit apply the eight-factor balancing test set out by Judge Friendly in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961). "The eight factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market." *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 293 (S.D.N.Y. 2012).

"Among the eight, the first three — the strength of the mark, the similarity of the marks, and the proximity of the products — are usually the most important." *Zuppardi's Apizza, Inc. v. Tony Zuppardi's Apizza, LLC*, No. 10-CV-01363, 2014 WL 4841085, at *14 (D. Conn. Sept. 29, 2014) (citing *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987)).

### i.  Strength of the Plaintiff's Mark

Judge Orenstein correctly concluded (*see* Report and Recommendation, at p. 5) that plaintiff's mark, in light of its registration, is presumed strong. *See Road Dawgs Motorcycle Club of the U.S., Inc. v. Cuse Roa Dawgs, Inc.*, 679 F. Supp. 2d 259, 286 (N.D.N.Y. 2009) ("Plaintiffs' mark is registered and thus is presumptively strong as applied to the goods and services listed on the registrations . . . .").

### ii.  Degree of Similarity

In assessing the similarity of two marks, courts evaluate the "overall impression created by the [marks] and the context in which they are found and consider the totality of factors that could cause confusion among prospective purchasers." *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1078 (2d Cir. 1993). There is no evidence in the record that defendant's "used" plaintiff's mark to advertise, sell, or promote its business

12

to prospective purchasers. Emphasizing correctly that only defendant's signage was at issue in terms of evaluating likelihood of confusion (*see supra* Discussion Part I), Judge Orenstein concluded that "[c]ontext matters: [plaintiff] is a corporation that uses the term 'Deli Express' as a brand for pre-made deli items sold throughout the country; the most natural reading of Big City's awning is that the 'Big City Deli' is a local institution that offers both 'Express' service for its delicatessen foods and also 'Pizza.'" (Report and Recommendation, at p. 7.) Indeed, the only similarity between plaintiff's mark and defendant's purported use of it is the adjacent placement of the words "Deli Express" in its awning sign which reads "Big City Deli Express & Pizza." Plaintiff's argument based on the unique brand name "Starbucks" is inapposite. In the Second Circuit, the juxtaposition of fragments of a mark is not useful in deciding if marks are likely to cause confusion. *See Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 133 (2d Cir. 2004) ("When evaluating the similarity of marks, courts consider the overall impression created by a mark. Each mark must be compared against the other as a whole; juxtaposing fragments of each mark does not aid in deciding whether the compared marks are confusingly similar.").

Plaintiff's objections to Judge Orenstein's determination regarding the degree of similarity between the two marks is largely a verbatim rehashing of arguments plaintiff presented in its initial memorandum of law in support of its motion for default judgment. (*Compare* ECF No. 33-1, at pp. 8-9, *with* Pl. Mem. at 12-14.) Accordingly, plaintiff is not entitled to *de novo* review on the degree of similarity factor. *See Visich v. Walsh*, No. 10-CV-4160, 2013 WL 3388953, at *2 (S.D.N.Y. July 3, 2013) ("The clearly erroneous standard also applies where a party's objections are . . . an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").

Even upon *de novo* review, however, the court agrees entirely with Judge Orenstein's reasoning. In applying the similarity of the marks factor, "courts must analyze the mark's overall impression on a consumer, considering the context in which the marks are displayed." *Louis Vuitton*, 454 F.3d at 117. Plaintiff's "Deli Express" mark appears on the plaintiff's deli items themselves, which are sold nationwide. If defendant were selling sandwiches or pizza labeled "Deli Express," for example, this would be a different case. Defendant's mark, however, only

appeared on its awning for an unspecified period of time. (Misiti Decl, Ex. H.) Further, plaintiff represents that defendant removed the word "Express" from its awning so that it read "Big City Deli & Pizza" before the entry of default against defendant on the Amended Complaint. (Am. Compl. ¶ 33; Pl. Mem. at 16-17.) The court finds that the marks are not similar.

### iii. Proximity of the Products in the Marketplace and Sophistication of the Buyers

"The proximity-of-the-products inquiry concerns whether and to what extent the two products compete with each other." *Cadbury Beverages, Inc. v. Cott Corp.*, 73 F.3d 474, 480 (2d Cir. 1996) (internal quotation marks omitted). The proximity factor is also generally considered alongside the factor regarding sophistication of the buyers. *See Cadbury Beverages v. Cott Corp.*, 73 F.3d 474, 480 (2d Cir. 1996) ("The eighth *Polaroid* factor, sophistication of the buyers, has been called analogous to the proximity factor." (internal quotation marks and citation omitted)). Judge Orenstein determined that "while both [plaintiff] and [defendant] sell food, they do so in very different ways to different groups of customers." (Report and Recommendation, at p. 6.) Judge Orenstein also noted that there was no evidence in the record pertaining to the sophistication of the customer base. (*Id.*, at p. 7.)

15

Here, plaintiff contends in its objections that it "sells the same products (e.g., sandwiches, pizza and coffee)" as the defendant. (Pl. Mem. at 14-15.) Plaintiff's products are principally pre-packaged foods. (Am. Compl. ¶¶ 49, 51, 53, 55, 79, 81; *see also* Misiti Decl., Ex. A.) Plaintiff does not provide information regarding the sophistication of customers or the extent to which its products compete with the defendants based on proximity. Moreover, plaintiff has offered no evidence that defendant's purportedly competing products are pre-packaged or made on site. Plaintiff's description of the purportedly competing goods in the Amended Complaint is limited to its contentions that defendant sells "sandwiches," "pizza," and "coffee." (Am. Compl. ¶¶ 30-32.) Merely selling the same general category of product is not sufficient to establish that the products are in proximate competition. *See Lebewohl*, 890 F. Supp. 2d at 295 (finding that two restaurants contesting likelihood of confusion regarding their respective sandwiches were not in competitive proximity).

Ultimately, the court finds on *de novo* review that neither the proximity of the products factor nor the consumer sophistication factor favors either party.

### iv. Likelihood of Bridging the Gap

"'Bridging the gap' refers to the likelihood that the senior user will enter the junior user's market in the future, or that consumers will perceive the senior user as likely to do so." *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 387 (2d Cir. 2005); *see also Nature's Best, Inc. v. Ultimate Nutrition, Inc.*, 323 F. Supp. 2d 429, 434 (E.D.N.Y. 2004) ("The fourth *Polaroid* factor is an inquiry into whether either the senior or junior user of the mark is likely to bridge the gap and enter into the other's market." (citation omitted)). Judge Orenstein concluded that, even assuming the products were in competitive proximity, plaintiff "offers no reason to believe that it will enter [defendant's] market." (Report and Recommendation, at pp. 6-7.)

Plaintiff contends that "consumers could readily assume" that it has expanded "into owning its own stores that sold its products." (Pl. Mem. at 16.) Plaintiff, however, "has failed to provide any relevant evidence that the public believes that it has or will enter [defendant's] market." *The Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 963 (2d Cir. 1996). Accordingly, this factor does not favor plaintiff.

### v.   Evidence of Actual Confusion

Plaintiff admits that there is no evidence of actual confusion. (Pl. Mem. at 16.) Although evidence of actual confusion is not a prerequisite to a finding of a likelihood of confusion, "it is certainly proper for the trial judge to infer from the absence of actual confusion that there was also no likelihood of confusion." *McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1136 (2d Cir. 1979), *overruled on other grounds by Bristol-Myers Squibb Co. v. McNeil-P.P.C. Inc.*, 973 F.2d 1033, 1044 (2d Cir. 1992). Here, plaintiff has not presented even one instance of actual consumer confusion. The absence of evidence of actual confusion favors defendant.

### vi.  Bad Faith

Judge Orenstein determined that bad faith cannot merely be inferred because defendant adopted plaintiff's mark with knowledge of plaintiff's rights in the mark. (Report and Recommendation, at p. 7 & n.4.) Bad faith can be inferred where "prior knowledge is accompanied by similarities so strong that it seems plain that deliberate copying has occurred." *Paddington Corp. v. Attiki Importers & Distributors, Inc.*, 996 F.2d 577, 587 (2d Cir. 1993).

Plaintiff first emphasizes defendant's disregard for the multiple cease-and-desist letters plaintiff sent. (Misiti Decl., Exs. E-F.) "But a defendant's refusal to abandon a mark in the face of a cease and desist letter cannot demonstrate bad faith standing alone. If a defendant reasonably believes its mark does not infringe plaintiff's, she does not act with the [requisite] intention of capitalizing on plaintiff's reputation and goodwill." *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 525 (S.D.N.Y. 2008) (internal quotation marks and citation omitted)). Under similar circumstances, the Supreme Court has explained,

> Defendants' persistence in their use of the design after notice proves little or nothing against them. They had been advertising their goods by name and using the design in connection with the name. The natural interpretation is not that they wanted to steal the plaintiff's good will, of which they then learned for the first time, but that they wished to preserve their own. . . . If the defendants' conduct was a wrong, . . . it was a wrong knowingly committed, but no further inference against the defendants can be drawn from the fact.

*Straus v. Notaseme Hosiery Co.*, 240 U.S. 179, 181-182 (1916).

Plaintiff next emphasizes that, by defaulting, defendant effectively admitted to using the Deli Express mark with the intent to confuse and deceive customers and capitalize on plaintiff's mark. (Pl. Mem. at 18.) Plaintiff, however, does not even attempt to address Judge Orenstein's recognition, in evaluating bad faith,

that defendant has already "removed the word 'Express' from its exterior signage." (Report and Recommendation, at p. 7.) Accordingly, the court finds that this factor does not favor plaintiff.

### vii. Quality of the Defendant's Products

Judge Orenstein correctly noted that the record contains no information that would permit the court to evaluate the quality of the defendant's products. (Report and Recommendation, at p. 7.) Plaintiff argues only that plaintiff cannot control the quality of defendant's food. (Pl. Mem. at 18-19.) In the absence of evidence in the record to support plaintiff's contentions, the court cannot find that the quality factor favors either party.

### C. *There is No Likelihood of Confusion*

The court finds on *de novo* review that the likelihood of confusion factors tilt heavily in defendant's favor. Although plaintiff's mark is presumed strong, the marks are not similar; plaintiff has not established that the products are competitively proximate; plaintiff has not presented evidence regarding a likelihood of bridging the gap; there is no evidence of actual confusion; there is insufficient evidence of bad faith to find that the factor favors plaintiff; and there is an absence of evidence in the record to make findings regarding the final two

factors, quality of the defendant's product and sophistication of the relevant consumer base. Accordingly, the court reaches the same conclusions as Judge Orenstein, and adopts Judge Orenstein's finding that there is no likelihood of confusion regarding plaintiff's mark.

Because a likelihood of confusion is required for plaintiff to establish its remaining claims for trademark infringement and unfair competition under the Lanham Act and state law (*see supra* Discussion Part B), plaintiff cannot succeed on its motion for default judgment.

## CONCLUSION

For the foregoing reasons, the court respectfully overrules plaintiff's objections and adopts Judge Orenstein's Report and Recommendation as it pertains to liability. Because the court finds that plaintiff cannot establish liability against defendant under any of its claims, the court does not reach plaintiff's argument regarding relief. Plaintiff's motion for default judgment is DENIED.

**SO ORDERED.**

Dated:   October 8, 2016
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge